IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-00433-PTG-LRV |
| | ) |
| JOHN DOE subscriber assigned IP address | ) |
| 173.79.11.111, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant John Doe's ("Defendant") Motion to Quash Subpoena. (Dkt. No. 8.) Defendant requests that the Court quash the subpoena issued by Plaintiff Strike 3 Holdings, LLC ("Plaintiff") to Verizon Fios ("Verizon"), Defendant's internet service provider ("ISP"), and prohibit Verizon from disclosing Defendant's identity to Plaintiff. For the reasons discussed below, Defendant's motion is **DENIED**.

I.  **Factual and Procedural History**

Plaintiff filed this action for copyright infringement against "Defendant, John Doe subscriber assigned IP address 173.79.11.111." (Dkt. No. 1 at 1.) As alleged in the Complaint, Plaintiff owns and distributes adult motion pictures through subscription-based adult websites and DVDs. (*Id.* ¶¶ 2, 3, 13.) Plaintiff also licenses its motion pictures to broadcasters. (*Id.* ¶ 13.) Defendant allegedly utilized the BitTorrent, a peer-to-peer file-sharing protocol, to illegally download and distribute 30 of Plaintiff's copyrighted motion pictures. (*See id.* ¶¶ 4, 44; *see also* Dkt. No. 1-1 (listing 30 of Plaintiff's copyrighted works allegedly infringed by Defendant).) Plaintiff used "VXN Scan" and the "Cross Reference Tool," two infringement-detection systems

1

developed, owned, and operated by Plaintiff, to identify the works that Defendant allegedly infringed. (*Id.* ¶¶ 16, 27.) Specifically, using VXN Scan, Plaintiff identified an internet protocol ("IP") address, 173.79.11.111, associated with unauthorized downloads and distribution of Plaintiff's copyrighted movies using BitTorrent. (*Id.* ¶ 33.) VXN Scan detected, captured, and documented IP address 173.79.11.111 "transmitting pieces of Plaintiff's copyrighted motion pictures and recorded those transactions in a Packet Capture ('PCAP') file." (*Id.* ¶ 35.) Using the Cross Reference Tool, Plaintiff detected and documented IP address 173.79.11.111 using BitTorrent to distribute "digital media files that have been determined to be identical (or substantially similar) to Plaintiff's copyrighted motion pictures." (*Id.* ¶ 43.)

Because BitTorrent allows users to upload and download content anonymously, the Complaint identifies Defendant "only by his or her IP address." (*Id.* ¶ 12.) Accordingly, on March 19, 2025, Plaintiff filed a Motion for Leave to Serve a Third-Party Subpoena on Verizon, the ISP associated with IP address 173.79.11.111, so that Plaintiff could learn the identity of the subscriber. (Dkt. No. 4.) The Court granted Plaintiff's motion on March 21, 2025. (Dkt. No. 7.) Verizon notified Defendant of the pending subpoena, and on April 30, 2025, Defendant filed the instant Motion to Quash Subpoena. (Dkt. No. 8.) On May 7, 2025, Defendant waived a hearing on the motion. (Dkt. No. 10.) Plaintiff filed a response in opposition on May 9, 2025, and on May 16, 2025, Defendant filed a reply. (Dkt. Nos. 11, 12.)

## II. Discussion

Federal Rule of Civil Procedure 45 governs third-party subpoenas. As relevant here, Rule 45 provides that courts "must quash or modify a subpoena" that (1) "fails to allow a reasonable time to comply"; (2) requires a person to comply beyond certain geographical limits; (3) "requires disclosure of privileged or other protected matter, if no exception or waiver applies"; or (4)

2

"subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).  Rule 45 further provides that courts may quash or modify a subpoena that discloses (1) "a trade secret or other confidential research, development, or commercial information," or (2) "an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B). "The burden for showing that a subpoena must be quashed under Rule 45(d)(3) is at all times on the movant." *Virginia Dep't of Corr. v. Jordan*, No. CV 3:17mc02, 2017 WL 5075252, at *4 (E.D. Va. Nov. 3, 2017), *aff'd*, 921 F.3d 180 (4th Cir. 2019) (citations and internal brackets omitted).  Defendant offers three arguments in support of his[1] motion, none of which implicates any of the above-listed grounds for modifying or quashing a subpoena.  The Court nevertheless addresses each argument in turn.[2]

Defendant first argues that the subpoena should be quashed because "the extraordinary pre-discovery relief that plaintiff sought, *ex parte*, will only serve to aid plaintiff in extorting from Doe a substantial payment to resolve this case, without regard to merit, simply because of the threat of publicly identifying and embarrassing Doe," and relatedly, that no good cause exists for Plaintiff's "extraordinary request." (Dkt. No. 9 at 2, 4.)  This argument is unpersuasive because Plaintiff

---

[1] The Court notes that it uses male pronouns to refer to Defendant because Defendant does so in the Memorandum in Support of Motion to Quash Subpoena. (*See* Dkt. No. 9.)

[2] Neither party addresses whether Defendant has standing to contest a subpoena issued to a nonparty. "'Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena.'" *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 239 (E.D. Va. 2012) (quoting *United States v. Idema*, 118 Fed. App'x 740, 744 (4th Cir. 2005)).  Here, Defendant generally asserts an interest in his identifying information, (*see* Dkt No. 9 at 2–3), and Plaintiff acknowledges that "Defendant's privacy interest is respected during early discovery" (Dkt. No. 11 at 6).  The Court concludes that Defendant "claims some personal right . . . in the information sought by the subpoena" and thus finds that Defendant has standing to contest the subpoena. *Singletary*, 289 F.R.D. at 239.

3

issued the subpoena for the legitimate purpose of identifying the name and address associated with Defendant's IP address in order to serve process on Defendant. (*See* Dkt. No. 5 at 10–11.) Moreover, as this Court previously found, good cause exists for Plaintiff's subpoena to Verizon because Defendant's identifying information cannot be obtained from an alternative source. (*See* Dkt. No. 7 ("Plaintiff established that good cause exists for it to serve a third party subpoena on Verizon Fios . . . .") (internal quotations and citation omitted)); *see also Strike 3 Holdings, LLC v. Doe*, No. 1:24cv332, 2024 WL 1292333, at *1 (E.D. Va. Mar. 26, 2024) ("Plaintiff has no other way to identify Defendant other than by issuing a Rule 45 subpoena because the ISP is prohibited from sharing the identifying information without a court order."). In the event Defendant is concerned about the scope of disclosure of his personal information, the parties are invited to negotiate a protective order to govern the exchange of confidential or other sensitive information and to file the proposed protective order on the docket for the Court's consideration. The absence of a protective order shall have no bearing on the timeline for Verizon to respond to the subpoena.

      Second, Defendant argues that the subpoena should be quashed because "being an internet subscriber has nothing to do with being one of any number of people that could have used that subscription." (Dkt. No. 9 at 1, 3.) Defendant's argument is "essentially [a] denial[] of liability." *Strike 3 Holdings, LLC v. Doe*, No. 19cv396, 2020 WL 917090, at *3 (D. Md. Feb. 25, 2020). When faced with similar arguments, other courts in the Fourth Circuit have found them "unpersuasive" because they "fall outside the scope of a Motion to Quash . . . ." *Malibu Media, LLC v. Doe*, No. 16cv655, 2016 WL 7235662, at *2 (D. Md. Dec. 13, 2016); *see also Strike 3 Holdings, LLC v. Doe*, No. 24cv3138, 2025 WL 1068063, at *2 (D. Md. Apr. 9, 2025) (declining to quash a subpoena on the grounds that the plaintiff failed "to state a claim against Defendant upon which relief can be granted"); *LHF Prods., Inc. v. Does*, No. 5:16cv30, 2016 WL 4126659,

4

at *1 (W.D. Va. Aug. 2, 2016) ("Although these assertions [as to the merits of the plaintiff's claim] might very well be true, they are not grounds for quashing or vacating an otherwise proper subpoena."). Indeed, if the Court "were to quash the subpoena on this basis, it would allow a subscriber to prevent a plaintiff from pursuing a potentially valid claim simply by denying liability." *Strike 3 Holdings, LLC*, 2020 WL 917090, at *3 (internal quotations and citations omitted). This Court finds persuasive the above-cited decisions from sister districts.

Third, Defendant argues that the process provided by the Digital Millenium Copyright Act ("DMCA") should preclude Plaintiff's right to issue a third-party subpoena to Verizon, Defendant's ISP. (Dkt. No. 9 at 4.) The DMCA establishes a process by which a copyright holder can request the clerk of a United States district court to issue a subpoena to an ISP to identify an alleged copyright infringer. *See* 17 U.S.C. § 512(h). The fact that the DMCA offers an alternative means to obtain and serve subpoenas on ISPs does not, however, "foreclose[] the pre-discovery third-party subpoena [Plaintiff] requests." *Strike 3 Holdings, LLC v. Doe*, 330 F.R.D. 552, 555 (D. Minn. 2019). A subpoena issued under the DMCA is a "prelitigation subpoena," and is thus distinguishable from a Rule 45 subpoena, which "contemplates a court action or other proceeding which preexists, and serves as a basis for authorizing the issuance of a subpoena." *In re Subpoena to Univ. of N.C. at Chapel Hill*, 367 F. Supp. 2d 945, 958 (M.D.N.C. 2005). Here, Plaintiff has filed a lawsuit and seeks Defendant's identity through a Rule 45 subpoena. The Court will not quash the subpoena on the grounds that Plaintiff, prior to filing this lawsuit, could have obtained a prelitigation subpoena under the DMCA. *See Arista Recs. LLC*, No. 07cv568, 2007 WL 5030732, at *2 (W.D. Okla. Nov. 14, 2007) ("Plaintiffs' subpoena was issued pursuant to Rule 45, Fed. R. Civ. P. A 'DMCA subpoena is a prelitigation subpoena which is not used when the litigation preexists the subpoena.'") (quoting *In re Subpoena*, 367 F. Supp. 2d at 958).

Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Quash Subpoena (Dkt. No. 8) is **DENIED**.

**ENTERED** this 4th day of June, 2025.

Alexandria, Virginia

/s/ *LRV*
Lindsey Robinson Vaala
United States Magistrate Judge